**JENNER & BLOCK LLP**
Alexander M. Smith (SBN 295187)
asmith@jenner.com
515 Flower Street Suite 3300
Los Angeles, CA 90071
Telephone:   (213) 239-5100
Facsimile:     (213) 239-5199

**JENNER & BLOCK LLP**
Dean N. Panos (to apply *pro hac vice*)
dpanos@jenner.com
353 North Clark Street
Chicago, IL 60654
Telephone:   (312) 222-9350
Facsimile:    (312) 527-0484

Attorneys for Defendant
The Kraft Heinz Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMILAH GALBRETH, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE KRAFT HEINZ COMPANY, <br><br> Defendant, | Case No. 4:23-cv-6341 <br><br> **NOTICE OF REMOVAL** |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant The Kraft Heinz Company ("Kraft Heinz") hereby effects the removal of this action from the Superior Court of California, County of Alameda, to the United States District Court for the Northern District of California.

Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is a class action in which the putative class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million, exclusive of interest and costs. Removal is independently proper under 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(a) (providing that Alameda County is part of the Northern District of California).

## FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS

1. Plaintiff filed this lawsuit in Alameda County Superior Court on November 16, 2023. *See* Ex. 1 (State Court Complaint and Summons). Kraft Heinz executed the Notice & Acknowledgement of Receipt form on December 6, 2023. *See* Ex. 2.

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the state court case file is attached to this Notice of Removal and is incorporated by reference herein. The file includes all process, pleadings, and orders filed in this case, including the Summons and Complaint (Ex. 1) and all other documents filed in the state court (Ex. 3).

3. Plaintiff alleges that Kraft Heinz mislabels its Kraft Mac & Cheese products with the statement "No Artificial Flavors, Preservatives, or Dyes." Compl. ¶ 3. Plaintiff alleges that this statement is false because Kraft Mac & Cheese contains citric acid, which Plaintiff characterizes as a "well known preservative used in food products." *Id.* ¶ 4. Based on that theory of mislabeling, Plaintiff asserts claims against Kraft Heinz for violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*, and the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), as well as a claim for breach of express warranty. *See* Compl. ¶¶ 41–71.

4. Plaintiff seeks restitution, disgorgement, damages, injunctive relief (including a "corrective advertising" campaign), attorney's fees, and pre- and post-judgment interest. *See* Compl. at 19–20 (Request for Relief). He seeks these remedies on behalf of a putative class of California consumers who purchased Kraft Mac & Cheese for personal use during the applicable statute of limitations. *Id.* ¶ 29.

## **REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)**

5. CAFA provides federal courts with original jurisdiction over class actions in which (i) any plaintiff is diverse from any defendant, (ii) there are at least 100 members in the putative class, and (iii) the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). Under 28 U.S.C. § 1441(a), any such action may be removed to the district court for the district and division embracing the place where the action is pending.

6. Under CAFA, there is no presumption against removal to federal court. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Unless a plaintiff challenges removal, an assessment of the amount in controversy is based solely on the allegations of the complaint, rather than "evidentiary submissions." *Id.* at 84; *see also Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017) (noting in a case removed under CAFA that a court must rely on "the allegations contained in the complaint" in determining the amount in controversy).

7. In other words, a defendant need not offer evidence to substantiate the amount in controversy; rather, a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*; *see also Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (applying *Dart Cherokee* standard to removal under CAFA); *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (holding that a "preponderance of the evidence" standard applies only after "a defendant's assertion of the amount in controversy is challenged") (citations and internal quotation marks omitted).

### **Plaintiff Has Alleged That the Putative Class Is Sufficiently Numerous**

8. Plaintiff purports to bring this action on behalf of "[a]ll persons who purchased the Products for personal use in California within the applicable statute of limitations until the date class notice is

disseminated." Compl. ¶ 29. According to Plaintiff, this putative class includes "thousands of consumers." *Id.* ¶ 33.

9. Although Kraft Heinz does not concede the truth of Plaintiff's allegations, those allegations establish that the putative class has over 100 members and satisfies CAFA's numerosity requirement. *See* 28 U.S.C. § 1332(d)(5)(B).

**The Parties Are Minimally Diverse**

10. CAFA's minimal diversity standard is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 928 (9th Cir. 2015) ("[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices.") (citation omitted).

11. Plaintiff resides in California and is a citizen of California. *See* Compl. ¶ 11. She purports to represent a putative class of California consumers. *See id.* ¶ 29.

12. Kraft Heinz is incorporated in Delaware and is co-headquartered in Chicago, Illinois and Pittsburgh, Pennsylvania. Accordingly, it is a citizen of Delaware, Illinois, and Pennsylvania. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

13. The minimal diversity requirement is satisfied here because every member of the putative class resides in a state other than Delaware, Illinois, or Pennsylvania. *See* 28 U.S.C. § 1332(d)(A) (extending jurisdiction to cases in which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

**There Is at Least $5,000,000 in Controversy**

14. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). The court must then "add[] up the value of the claim of each person who falls within the definition of [the] proposed class." *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

15. To satisfy the amount-in-controversy requirement, a defendant must establish only that "the potential damages *could* exceed the jurisdictional amount." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234,

1239 (9th Cir. 2014) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010)) (emphasis added). "The amount in controversy is not a prospective assessment of [a] defendant's liability"; instead, "it is the amount at stake in the underlying litigation." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (citations and internal quotation marks omitted). "To meet CAFA's amount-in-controversy requirement, a defendant needs to plausibly show that it is *reasonably possible* that the potential liability exceeds $5 million." *Greene*, 965 F.3d at 772 (emphasis added).

16. In other words, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn*, 536 F. Supp. 2d at 1205; *see also, e.g.*, *Greene*, 965 F.3d at 772 ("[T]he amount in controversy is the 'amount *at stake* in the underlying litigation.' 'Amount at stake' does not mean likely or probable liability; rather it refers to possible liability.") (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)); *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.") (citation omitted). For that reason, the Ninth Circuit has made clear that a court cannot "delve into the merits" or conduct "a fact-based analysis of the merits" in assessing the amount in controversy. *Greene*, 965 F.3d at 774.

17. Without conceding any merit to Plaintiff's allegations, causes of action, or claims for relief, the amount placed in controversy by her complaint satisfies CAFA's jurisdictional threshold.

18. Plaintiff alleges that Kraft Heinz mislabels its Kraft Mac & Cheese products with the phrase "No Artificial Flavors, Colors, or Preservatives," even though they contain citric acid, which Plaintiff characterizes as a "preservative." *See* Compl. ¶¶ 3–4, 13–20. Based on that allegation, Plaintiff asserts claims on behalf of "[a]ll persons who purchased the Products for personal use in California within the applicable statute of limitations until the date class notice is disseminated," which includes at least "thousands of consumers." *Id.* ¶¶ 29, 33. In other words, Plaintiff's allegations place in controversy all sales of Kraft Mac & Cheese in California since November 16, 2019. *See* Cal. Bus. & Prof. Code § 17208 (establishing a four-year statute of limitations for UCL claims); Cal. Civ. Code § 337(a) (establishing a four-year statute of limitations for claims based on a written contract, such as claims for breach of express warranty).

19. Kraft Heinz has access to California retail scan data through Circana (formerly IRI), which reflects that California retail sales of Kraft Mac & Cheese during the putative class period substantially exceed $5 million. Because restitution of the money spent by consumers is available under the UCL, it is "reasonably possible" that Plaintiff's allegations, taken as true solely for purposes of the instant analysis, place more than $5 million in retail sales of Kraft Mac & Cheese in controversy. *See Greene*, 965 F.3d at 772.

20. Plaintiff also seeks to recover attorneys' fees. *See* Compl. at 19–20 (Request for Relief). For purposes of assessing the amount in controversy, the Court is not limited to considering fees incurred at the time of removal; rather, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co.*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that the amount in controversy includes fees potentially incurred after removal); *see also Arias v. Residence Inn by Mariott*, 936 F.3d 920, 928 (9th Cir. 2019) (reversing order granting motion to remand where the district court "erred in excluding prospective attorneys' fees from the amount in controversy"); *Bayol v. Zipcar, Inc.*, No. 14-2483, 2015 WL 4931756, at *7 (N.D. Cal. Aug. 18, 2015) ("The amount in controversy can include . . . attorneys' fees[.]").

21. Fee requests in consumer class actions, such as this case, are often significant. *See, e.g.*, *Troy v. Aegis Senior Communities LLC*, No. 16-3991, 2021 WL 6129106, at *4 (N.D. Cal. Aug. 23, 2021) (awarding $6,350,000 in fees and $1,174,531.06 in costs in consumer class action); *In re EasySaver Rewards Litig.*, No. 09-2094, 2020 WL 2097616, at *21 (S.D. Cal. May 1, 2020) (awarding $3,417,904.13 in attorney's fees in consumer class action); *Broomfield v. Craft Brew Alliance, Inc.*, No. 17-1027, 2020 WL 1972505, at *30 (N.D. Cal. Feb. 5, 2020) (awarding $2,263,779.69 in fees and $329,973.59 in costs in consumer class action).

22. Additionally, Plaintiff seeks to require Kraft Heinz to engage in a "corrective advertising" campaign, which is a form of injunctive relief. *See* Compl. at 19–20 (Request for Relief).

23. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)); *see also Rose v. J.P. Morgan Chase, N.A.*, No. 12-225, 2012 WL 892282, at *2–3 (E.D. Cal. Mar. 14, 2012)

(denying motion to remand where value of injunctive relief sought exceeded the amount in controversy). The amount in controversy therefore includes "the cost [to Kraft Heinz] of complying with [Plaintiff's] requested injunctive relief"—*i.e.*, a corrective advertising campaign. *Gen. Dentistry for Kids, LLC v. Kool Smiles, P.C.*, 379 F. App'x 634, 635 (9th Cir. 2010); *Fritsch*, 899 F.3d at 793 (noting that "the costs of complying with an injunction" are included in determining whether CAFA's amount in controversy requirement is met).

24. These costs would be substantial. In fact, it is entirely possible that the cost of a corrective advertising campaign alone could come close to $5 million. *See, e.g.*, *Fefferman v. Dr. Pepper Snapple Grp., Inc.*, No. 13-160, 2013 WL 12114486, at *3 (S.D. Cal. Mar. 12, 2013) (noting that, "[i]n total, the corrective advertisement campaign would cost Defendants approximately $4,985,000").

25. Therefore, when aggregated, Plaintiff's request for damages, restitution, and attorneys' fees, combined with the costs of Plaintiff's requested "corrective advertising" campaign, readily exceed CAFA's $5 million threshold.

### REMOVAL IS ALSO PROPER UNDER 28 U.S.C. § 1332(a)

26. District courts have original jurisdiction over civil actions in which (1) there is complete diversity of citizenship, and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

### The Parties Are Completely Diverse

27. As set forth above, the parties are completely diverse, as Plaintiff is a citizen of California and Kraft Heinz is not a citizen of California. *See supra* ¶¶ 10–13.

### There Is at Least $75,000 in Controversy

28. Putting aside Plaintiff's request for compensatory damages, restitution, and attorneys' fees, the cost of injunctive relief in itself satisfies the $75,000 amount-in-controversy.

29. The Ninth Circuit uses the "either viewpoint" rule to calculate the amount in controversy in cases seeking injunctive relief. *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). Under that rule, "the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.* (citation omitted). Thus, even if "the value of a plaintiff's potential recovery . . . is below the jurisdictional amount, but the potential cost to the

defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." *Id.*

30. As discussed above, Plaintiffs seek injunctive relief that would require Kraft Heinz to engage in a corrective advertising campaign. *See supra* ¶¶ 22–24. That amount could conceivably exceed $75,000, which is sufficient to satisfy the amount-in-controversy requirement.

## **REMOVAL IS TIMELY**

31. Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within thirty days of service of the summons and complaint.

32. Service was effective as of December 6, 2023, when Kraft Heinz executed the Notice & Acknowledgment form. *See* Ex. 2; *see also Chissie v. Winco Foods, LLC*, No. 09-2915, 2010 WL 580987, at *2 (E.D. Cal. Feb. 12, 2010) (treating the date on which the Notice and Acknowledgment of Receipt form was signed as the date of service); *Thomas v. Facebook, Inc.*, No. 18-856, 2018 WL 3915585, at *3 (E.D. Cal. Aug. 15, 2018) (similar). This Notice of Removal is therefore timely.

## **OTHER REQUIREMENTS FOR REMOVAL ARE MET**

33. Venue is proper in this Court because Plaintiff filed his complaint in Alameda County Superior Court, which is located in this District. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); 28 U.S.C. § 84(a) (providing that Alameda County is part of the Northern District of California).

34. No attorneys for Kraft Heinz have entered an appearance or filed any pleadings or other papers responding to the Complaint in the Superior Court.

35. Pursuant to 28 U.S.C. § 1446(d), Kraft Heinz will promptly give written notice of the filing of this Notice of Removal to Plaintiff and will promptly file a written notice, along with a copy of this Notice of Removal, with the Clerk of the Alameda County Superior Court and serve it on all parties. *See* Ex. 4 (Notice to State Court).

## CONCLUSION

WHEREFORE, Kraft Heinz gives notice of the removal of this action from Alameda County Superior Court to the United States District Court for the Northern District of California.

DATED: December 8, 2023                    JENNER & BLOCK LLP

                                By:   /s/   Alexander M. Smith
                                              Alexander M. Smith

                                Attorneys for Defendant
                                The Kraft Heinz Company